FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 AUG 20 A 9:53
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MANUEL FERNANDEZ-TORRES

    Plaintiff,

vs.

CIVIL ACTION NO.: CV213-061

FEDERAL BUREAU OF PRISONS;
SUZANNE R. HASTINGS;
Officer SANTIAGO; and
Officer B. MULTHA,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The undersigned recommended, in a Report dated June 26, 2013, that Plaintiff's Complaint be dismissed for failure to state a claim under Bivens. (Doc. No. 8). Plaintiff objected to the Report and requested that he be permitted to amend his complaint in order to "better plead [ ] the causes and the parties at issue." (Doc. No. 10, p. 3). By Order dated July 16, 2013, the undersigned vacated the Report and granted Plaintiff's request to file an amended complaint. (Doc. No. 11).

Plaintiff has now filed a First Amended Complaint, alleging claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, and <u>Bivens</u>. (Doc. No. 12). A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2).

As to Plaintiff's FTCA claim, Plaintiff alleges "Defendants Federal Bureau of Prisons and Suzanne R. Hastings are negligent in failing to train their foreman on the manner in which to properly process inmate payroll and pay inmates working in employment details . . . [and] in failing to train their inmate payroll staff on the manner in which to properly process inmate payroll and pay inmates." (Doc. No. 12, p. 3). The FTCA allows the United States to be sued in the same manner as a private individual. 28 U.S.C. § 2674. The purpose of the FTCA is to "provide redress for ordinary torts recognized by state law." <u>Stone v. United States</u>, 373 F.3d 1129, 1130 (11th Cir. 2004) (citation omitted). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. <u>United States v. Orleans</u>, 425 U.S. 807, 813 (1976). Consequently, the proper defendant in a claim brought pursuant to the FTCA is the United States. Plaintiff has not named the United States as a defendant in this action. If Plaintiff wishes to bring an action under the FTCA, he should file a new complaint naming the United States as defendant and making specific allegations of negligence based upon acts or omission of government employees.

Plaintiff alleges under <u>Bivens</u> that "Defendants unconstitutionally deprived Plaintiff of due process by withholding Plaintiff's wages due without due process of

2

law." (Doc. No. 12, p. 3).[1] To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388; Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008).[2] In order to assert that he was deprived of due process, Plaintiff must "have been deprived of a liberty or property interest protected under the Fifth Amendment." Cook v. Wiley, 208 F.3d 1314, 1322 (11th Cir. 2000). Thus, to state a cognizable claim that he was deprived of wages without due process of law, Plaintiff must have either a liberty or property interest in his federal prison job assignment.

The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th

---

[1] Plaintiff names the Federal Bureau of Prisons as a Defendant in his Bivens action. Proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). To the extent the BOP is the employer of the correctional officers Plaintiff contends violated his rights, Plaintiff's claims against the BOP cannot be sustained. Additionally, it appears Defendant Suzanne Hastings is named as a Defendant solely because of her position as warden of FCI Jesup. Ordinarily, supervisors are not liable for the unconstitutional acts of their subordinates in a Bivens action. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In a Bivens suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 1948.

[2] Plaintiff alleges that Defendants failed to compensate him for work completed as part of inmate work detail because of negligence and lack of training. (Doc. No. 12). To the extent that Plaintiff's Bivens action alleges Defendants acted with negligence, Plaintiff cannot sustain such a claim. An allegation that defendants acted with negligence in causing Plaintiff injury is not sufficient to support a claim under Bivens. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Bivens "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." See Baker v. McCollan, 443 U.S. 137, 146 (1979).

Cir.1999) (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Plaintiff may have shown that the Bureau of Prisons has given a benefit to those who work on details and that he has not been paid for his work. However, Plaintiff has not shown that the deprivation of that benefit "imposes atypical and significant hardship on him "in relation to the ordinary incidents of prison life." Id.

Assuming, *arguendo* that Plaintiff establishes a constitutional property interest in wages earned while participating in the federal inmate work detail program, Plaintiff has not shown that interest has been violated.[3] To state a cognizable claim under Bivens, Plaintiff must demonstrate Defendants intentionally deprived him of wages; yet, such an allegation does not state a violation of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (§ 1983 case); Rodriguez-Mora v. Baker, 792 F.2d 1524 (11th Cir. 1986) (explaining that the existence of a post-deprivation remedy under the FTCA precluded a federal inmate's Fifth Amendment due process challenge under Bivens because "in this area the reaches of the Fourteenth and Fifth Amendments are coextensive."). As explained previously, the FTCA provides Plaintiff with an adequate post-deprivation remedy.

---

[3] It should be noted that "[a]lthough the Eleventh Circuit Court of Appeals has never addressed whether a federal prisoner has a protected property interest in his job assignment, those circuit courts that have considered the issue have held that there is no property interest in a federal prisoner's job assignment." Haley v. Haynes, 2011 WL 7025015 (S.D. Ga. June 27, 2011) (Graham, J.) (recommending this Court follow the Second, Third, Fifth, Seventh, and Ninth Circuits, as well as the Middle District of Florida, and determine that [a federal inmate] cannot sustain a due process claim based on the loss of a prison job).

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims be **DISMISSED** without prejudice.

**SO REPORTED and RECOMMENDED**, this 20th day of August, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)