IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MANUEL FERNANDEZ-TORRES

    Plaintiff,

vs.

CIVIL ACTION NO.:CV213-061

FEDERAL BUREAU OF PRISONS;
SUZANNE R. HASTINGS;
Officer SANTIAGO; and
Officer B. MULTHA,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff requests permission to file "a Second Amended Complaint, naming the United States as a defendant." (Doc. No. 15, p. 1). Plaintiff also contends that the individually named Defendants to the current action are liable under Bivens v. Six Unknown Named agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because Defendants "individually violated Plaintiff's Fourth and Fifth Amendment rights." (Id. at p. 2).

Plaintiff previously had the opportunity to amend his complaint in order to state a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. See Doc. No. 11 (vacating Magistrate Judge's Report and Recommendation and granting Plaintiff's Motion to Amend). If Plaintiff wishes to bring an action under the FTCA, he should file a

AO 72A
(Rev. 8/82)

**new** complaint naming the United States as defendant and making specific allegations of negligence based upon acts or omissions of government employees.

Plaintiff's objection concerning the viability of his <u>Bivens</u> claim is without merit. Plaintiff alleges "Defendants unconstitutionally deprived Plaintiff of due process by withholding Plaintiff's wages due without due process of law." (Doc. No. 12, p. 3).[1] The Magistrate Judge correctly explained that a claim under <u>Bivens</u> alleging that Defendants intentionally deprived Plaintiff of wages earned while participating in the federal inmate work detail program "does not state a violation of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available." (Doc. No. 13, p. 4) (citing <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984) (§ 1983 case); <u>Rodriguez-Mora v. Baker</u>, 792 F.2d 1524 (11th Cir. 1986) (explaining that the existence of a post-deprivation remedy under the FTCA precluded a federal inmate's Fifth Amendment due process challenge under <u>Bivens</u> because "in this area the reaches of the Fourteenth and Fifth Amendments are coextensive."). The FTCA provides Plaintiff with an adequate post-deprivation remedy. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED**, without prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this _7_ day of _October_, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff intends to reassert this claim in his proposed Second Amended Complaint. See Doc. No. 16-1, p. 4.

2